IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00872-CBS

ELI ANDRADE,

      Plaintiff,

v.

DICK SMELSER (Warden),
DAVID OBA, Doctor,
LOUIS CAIBILIN, Doctor,
KIM COLLEYMORE, N.P.,
JUDY BRIZENDINE, H.S.A.,
LAURIE DICKERSON, H.S.A.,
SUTTON, Doctor, and
CROWLEY COUNTY CORRECTIONAL FACILITY,

      Defendants.

*FILED*
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 03 2007

GREGORY C. LANGHAM
                  CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Eli Andrade is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Andrade initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. In an order filed on July 2, 2007, Magistrate Judge Craig B. Shaffer ordered Mr. Andrade to file an amended complaint to clarify who he intends to sue in this action and to allege specific facts to demonstrate how each named Defendant personally participated in the alleged constitutional violations. On July 20, 2007, Mr. Andrade filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Andrade is a prisoner and he is seeking redress from an officer or employee of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Andrade is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be the *pro se* litigant's advocate.  *See id.*

Mr. Andrade claims that his constitutional rights have been violated because he has been denied adequate medical treatment.  He specifically alleges in the amended complaint that he is under the care of Defendants David Oba, Dr. Sutton, Kim Colleymore, Judy Brizendine, and Louis Caibilin and that those Defendants have failed to provide adequate medical care.  Mr. Andrade does not assert any facts to

2

demonstrate that Defendants Dick Smelser, Laurie Dickerson, and Crowley County Correctional Facility personally participated in the alleged denial of medical care.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Andrade must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The claims against Defendants Dick Smelser, Laurie Dickerson, and Crowley County Correctional Facility will be dismissed for lack of personal participation because Mr. Andrade makes no allegations against any of those Defendants. The Court will not address at this time the merits of Mr. Andrade's claim against Defendants David Oba, Dr. Sutton, Kim Colleymore, Judy Brizendine, and Louis Caibilin. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Dick Smelser, Laurie Dickerson, and Crowley County Correctional Facility are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

3

FURTHER ORDERED that Defendants Dick Smelser, Laurie Dickerson, and

Crowley County Correctional Facility are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.  It is

FURTHER ORDERED that Plaintiff's "Motion for Appointment of Counsel" filed

on April 27, 2007, is denied as premature.

DATED at Denver, Colorado, this _2_ day of _____ *Aug* _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  07-cv-00872-CBS

Eli C. Andrade
Prisoner No. 81861
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___8│3│7___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk