IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00872-WYD-KMT

ELI ANDRADE,

    Plaintiff,

v.

DAVID OBA, Doctor,
LOUIS CAIBILIN, Doctor,
KIM COLLEYMORE, N.P.,
JUDY BRIZENDINE, H.S.A, and
SUTTON, Doctor,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion for Narrow Scope of Documents" ("Mot. Narrow" [Doc. No. 38, filed February 28, 2008]). Defendants responded on March 17, 2008 [Doc. No. 43]. Also before the court is the "Defendants' Motion to Compel Plaintiff to Comply with Defendants' First Set of Interrogatories and Requests for Production of Documents [Doc. No. 48, filed April 7, 2008.] Plaintiff did not respond to the motion. Finally, Defendants also filed "Defendants Oba, Caibilin, Colleymore and Brizendine's Motin for Extension of Time to Designate Expert Witnesses" [Doc. No. 62, filed June 9, 2008].

    Plaintiff alleges in his Mot. to Narrow that information the Defendants seek from him is confidential and requests, in essence, a protective order allowing him to withhold his medical

records and inmate prison records as privileged. He seeks an Order from the court stating he is not required to provide releases for his medical, pharmacy or inmate files because such information is privileged. The court notes that all three releases have been signed and filed as an attachment to the plaintiff's status report [Doc. No. 64, filed June 11, 2008].

The allegations of the complaint filed by Mr. Andrade [Doc. No. 3] are based upon his medical care for conditions from which he claimed to suffer. His medical condition is the very heart of his case. His medical records both before and after his incarceration are the most probative evidentiary documents in existence.

Fed. R. Civ. P. 26(b) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The medical and pharmacy records and prison records meet the test of relevancy.

It appears that Mr. Andrade may be confusing the "confidentiality" of medical records and other similar personal information, with "privileged" documents. The records sought by defendants are relevant and discoverable – they are very likely to, however, contain confidential material which should be accorded every privacy protection from unwarranted dissemination. They are not, however, privileged and therefore, must be produced in this litigation. The same logic applies with equal force to the interrogatories and other written discovery requested by the defendants. Mr. Andrade is suing because he claims his medical conditions were not adequately

treated; the defendants have every right to inquire about the medical conditions in question and the treatment Mr. Andrade received and/or failed to receive.

Mr. Andrade has explained in his June 11, 2008 status report that he has had difficulty with receipt of his mail and has been ill and in the infirmary. Since he has not responded to discovery requests, a Motion to Compel was appropriate pursuant to Fed. R. Civ. P. 37. However, in light of Mr. Andrade's medical difficulties and the pendency of his Mot. to Narrow, the court finds that it is fair and reasonable to allow Mr. Andrade the reasonable time of an additional thirty (30) days within which to provide full and complete responses to the defendants' outstanding discovery requests. Of course, this will necessitate the adjustment of the discovery deadlines as they are now constituted.

It is hereby **ORDERED**:

1. **Plaintiff's "Motion for Narrow Scope of Documents" [Doc. No. 38] is DENIED**. Plaintiff will provide the originals of the Authorization for Release of Medical Information, the Authorization for Release of Inmate Records, and the Authorization for Release of Pharmacy Records, all signed before a notary public on June 10, 2008 and attached as the last three pages of Plaintiff's status report filed June 11, 2008 [Doc. No. 64], to defendants' counsel on or before July 5, 2008.

2. **"Defendants' Motion to Compel Plaintiff to Comply with Defendants' First Set of Interrogatories and Requests for Production of Documents" [Doc. No. 48] is GRANTED**. Plaintiff will fully and completely respond to Defendants outstanding written discovery requests on or before July 25, 2008.

3. **"Defendants Oba, Caibilin, Colleymore and Brizendine's Motin for Extension of Time to Designate Expert Witnesses" [Doc. No. 62] is GRANTED**. The Scheduling Order [Doc. No. 37] is amended as follows:

Plaintiff will make all initial disclosures which have not been previously provided to the defendants by no later than **July 5, 2008.**

Discovery Cut Off: **October 1, 2008.**

Dispositive Motion Deadline**:** **November 2, 2008.**

Expert Witness Initial Disclosures**:** **September 1, 2008**

Expert Witness Rebuttal Disclosures: **October 1, 2008**

Dated this 23rd day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge