IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00872-WYD-KMT

ELI ANDRADE,

     Plaintiff,

v.

DAVID OBA, Doctor,
LOUIS CAIBILIN, Doctor,
KIM COLLEYMORE, N.P.,
JUDY BRIZENDINE, H.S.A, and
SUTTON, Doctor,

     Defendants.

---

## ORDER

---

     This matter is before the court on a review of the file and pending motions.

     Plaintiff's "Plaintiff Files Motion to Clarify the Record in Civil Action 07-cv-00872-WYD-KMT" (Doc No. 77, filed October 2, 2008) requests that this court "look into and investigate the defendants['] statements" so "she may determine a questionable decision upon the statements made by defendants and counsel for defendants." (Doc. No. 77 at 2.) It appears Plaintiff takes issue with Defendants' responses to discovery requests propounded by Plaintiff. However, the motion is vague and unintelligible and sets forth no request for relief. Therefore, the motion is **DENIED**.

     Plaintiff's "Motion to Receive Medical Records at No Cost to Plaintiff That He May Use at Trial" (Doc. No. 79, filed October 2, 2008) seeks an order from the court allowing Plaintiff "to

receive all medical records and all information in regards to the extent and medical condition pertaining to absessive [sic] bleeding open wounds suture granulomas at no cost." (Doc. No. 79 at 1.) Plaintiff seeks records from six health care providers. The plaintiff may not request discovery from the court, but may do so through subpoena. Fed. R. Civ. P. 45(a)(3) states in pertinent part that "[t]he Clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service."

An indigent litigant is entitled to have subpoenas served by "officers of the court," which in nearly all circumstances means the United States Marshal. 28 U.S.C. § 1915(d). The preferred method for accomplishing this task is for the Plaintiff to file a motion with the court — attaching the subpoena to be served — requesting an order that the Marshal serve the attached subpoena. This method is preferred because the Court has the opportunity to review the subpoena and deny service if the subpoena is overbroad or otherwise unduly burdensome in violation of Fed. R. Civ. P. 45(c).

As to Plaintiff's request that the health care providers give him copies of the medical records at no cost, the motion is denied, as the court may not compel a third-party health care provider to provide copies of the records at no cost to Plaintiff. Therefore, although the court may order the United States Marshal to serve subpoenas, Plaintiff is responsible for paying for copies of the records.

Therefore, it is **ORDERED** that the "Motion to Receive Medical Records at No Cost to Plaintiff That He May Use at Trial" (Doc. No. 79) is **DENIED**. It is further **ORDERED** that the Clerk of the Court shall mail to Plaintiff, along with this Order, six subpoenas, signed but

otherwise blank, which Plaintiff may complete.  Plaintiff may file a motion, along with the completed subpoenas, requesting the court require service of the subpoenas by the United States Marshal.

Plaintiff's "Motion Requesting Clerk of the Court to Clarify in Detail to Plaintiff the Court Ruling on Motions Filed" (Doc. No. 87, filed November 17, 2008) seeks ruling on pending motions and appears to request information about the docket.  To the extent Plaintiff seeks a ruling on motions filed by him, the motion is **GRANTED**.  The court has ruled on all pending motions filed by Plaintiff.  The only motion that remains pending is Defendants' Motion for Summary Judgment.  To the extent the plaintiff is seeking other relief in this motion, the motion is **DENIED**, as it is unclear what the plaintiff is requesting.  It is further **ORDERED** that the Clerk of Court shall send a copy of the docket in this case along with a copy of this order.

The court notes that Plaintiff failed to confer with defendant before filing any of these motions.  The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)).  The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed.  D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).  Plaintiff is cautioned that further motions filed by Plaintiff without an effort to confer with opposing counsel may result in the motions being stricken from the records.

Dated this 11th day of March, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge