IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–00872–WYD–KMT


ELI ANDRADE,

      Plaintiff,

v.

DAVID OBA, Doctor,
LOUIS CAIBILIN, Doctor,
KIM COLLEYMORE, N.P.,
JUDY BRIZENDINE, H.S.A, and
SUTTON, Doctor,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on "Defendants Oba, Cabiling, Colleymore and Brizendine's Motion for Summary Judgment" ([Doc. No. 83] [filed November 11, 2008] [hereinafter "Mot."]) and "Defendant Jere G. Sutton, M.D.'s Motion to Dismiss Plaintiff's Amended Prisoner Complaint under Fed. R. Civ. P. 12(b)(6)" ([Doc. No. 108] [filed March 13, 2009] [hereinafter "Sutton Mot."]). Jurisdiction is premised upon 42 U.S.C. § 1983 (2007). These motions are ripe for review and recommendation.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation.  During the time relevant to his claims, Plaintiff was incarcerated at the Crowley County Correctional Facility (hereinafter "CCCF").  (Mot. at 1.)  Plaintiff sustained a gunshot wound to his abdomen in 1991, prior to his incarceration, that resulted in the surgical repair of his abdomen.  (*Id.* at 3; *see also* Ex. A-1.) Plaintiff's claims arise from the medical attention he received for the "three open wounds" located "in the center of [his] stomach" (hereinafter "Plaintiff's abdominal condition").  (Compl. at 4, 26.)  Plaintiff states that he has "been under the care of Dr. David Oba, Dr. Sutton, Kim Colleymore, [sic] Judy Briezendine, [sic] [and] Dr. Caibelin [sic]—Medical personnel at the CCCF—who . . . ignored [the] serious medical need of [his] abcessed [sic] open wounds."  (*Id.* at 4.)

In Claim One, Plaintiff alleges that over a course of seven months, "very little [was] done to treat" his condition.  (*Id.* at 26.)  Plaintiff states that he has "let the medical staff know that this [condition] is causing [him] severe pain and discomfort."  (*Id.* at 29.)  Plaintiff claims that "the medical staff . . . refus[es] to give [him] treatments that would even temporarily reduce [his] pain and suffering."  (*Id.* at 4, 29.)  Plaintiff states that his wounds "are still bleeding, draining and obviously inflamed from a staph infection" and that his condition has worsened and "remains untreated."  (*Id.* at 29.)  Plaintiff also states that "medications are not being ordered within an appropriate time-frame," and that he has "not been able to receive medications for weeks at a time."  (*Id.* at 29.)  Plaintiff maintains that the treatment he received for his abdominal

condition from Defendants Oba, Sutton, Cabiling, Colleymore and Brizendine constitutes deliberate indifference and a violation of his Eighth Amendment rights. (*Id.* at 5.)

In Claim Two, Plaintiff alleges that refusal by "medical" to release Defendant Dr. Sutton's full name violated Plaintiff's rights under the "Inmate Bill of Rights/Core Values" to "know the names and professional status of all staff providing care." (*Id.* at 6.)  Plaintiff further states that Defendant Dr. Sutton terminated his prescription for the medication Nubain because of its highly addictive nature and the fact that Plaintiff's condition "did not require [it]." (*Id.*) Plaintiff claims this constitutes a violation of the Corrections Corporation of America's "Inmate Bill of Rights/Core Values." (*Id.* at 6, 31.)

In Claim Three, Plaintiff alleges that "[his] Due Process Rights have been violated—Pursuant to the Fourteenth Amendment—Pretrial Detainees." (Compl. at 7.)  Plaintiff relies exclusively on an Inmate/Resident Incident Statement he filed on February 9, 2007 in which he claims that his case manager "misplaced . . . or lost" three grievances he had filed previously. (*Id.* at 32, 34.)  Plaintiff states that the defendants' collective failure to administer proper medical care consistent with his ailments and "the way in which the facility has been handling the administrative grievance process" violated his due process rights. (*Id.*)

Plaintiff seeks compensatory damages from "medical personnel at CCCF" in an amount of $1,500,000. (*Id.* at 9.)  Defendants Oba, Cabiling, Colleymore and Brizendine seek dismissal on the following grounds: 1) Plaintiff fails to state a cognizable Eighth Amendment claim; 2) Plaintiff's Claim Two fails to state a cognizable constitutional violation and is not directed at Defendants Oba, Cabiling, Colleymore and Brizendine; and 3) Plaintiff's Fourteenth

3

Amendment claim must fail as duplicative.  (Mot.)  Defendant Dr. Sutton seeks dismissal on the

grounds that Plaintiff's claim arising from an alleged violation of the Inmate Bill of Rights does

not constitute a constitutional deprivation, and Plaintiff's remaining claims against Defendant

Dr. Sutton fail to state an Eighth Amendment claim upon which relief can be granted.[1]  (Sutton

Mot.)

## PROCEDURAL HISTORY

Plaintiff filed a *pro se* Amended Prisoner Complaint on July 20, 2007.  ([Doc. No. 12]

[hereinafter "Compl."].)  Plaintiff named the following as defendants: Dick Smelsner, Warden;

David Oba, Doctor; Louis Caibilin [sic], Doctor; Kim Colleymore, N.P.; Judy Brizendine,

H.S.A.; Laurie Dickerson, H.S.A.; Sutton, Doctor; and Crowley County Correctional Facility.

(Compl. at 1.)  On August 3, 2007, District Judge Zita L. Weinshienk dismissed Defendants

Smelser, Dickerson and CCCF pursuant to 28 U.S.C. § 1915A(b) as legally frivolous.  (Doc. No.

14.)

On November 11, 2008, the "Defendants Oba, Cabiling, Colleymore and Brizendine's

Motion for Summary Judgment" was filed.  (Doc. No. 83.)  Plaintiff filed a Response on

November 17, 2008.  ([Doc. No. 88] [hereinafter "Resp."]).  Defendants Oba, Cabiling,

Colleymore and Brizendine filed their Reply on December 5, 2008.  ([Doc. No. 92] [hereinafter

"Reply"]).  On March 13, 2009, "Defendant Jere G. Sutton, M.D.'s Motion to Dismiss Plaintiff's

---

[1] Defendant Dr. Sutton's latter argument is based on his original Motion to Dismiss (Doc. No. 108) under Fed. R. Civ. P. 12(b)(6).  Since this court has converted it to a Motion for Summary Judgement, the court will address Plaintiff's claims under Fed. R. Civ. P. 56, the standard of review for which is set forth below.  *See* Standard of Review *infra* Part 2.

Amended Prisoner Complaint under Fed. R. Civ. P. 12(b)(6)" was filed.  (Doc. No. 108.)

Plaintiff did not file a Response.  On May 20, 2009, this court issued an Order converting

Defendant Dr. Sutton's Motion to Dismiss into a Motion for Summary Judgment and allowing

additional time for the parties to brief the motion.  (Doc. No. 122.)  Plaintiff filed his Response

on June 8, 2009.  ([Doc. No. 126] [hereinafter "Resp. to Sutton Mot."].)  Defendant Dr. Sutton

filed his Reply on June 18, 2009.  ([Doc. No. 127] [hereinafter "Sutton Reply"].)

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.**      ***Fed. R. Civ. P. 56(c)—Motion for Summary Judgment***

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006).  A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**3.     *Fed. R. Civ. P. 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on separate grounds by Bell Atlantic*, 127 S. Ct. at 1959–60). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. at 555; *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

### 1.    *Eighth Amendment – Deliberate Indifference*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106). The test for deliberate indifference involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (2000).

The objective prong of the deliberate indifference test requires that the alleged deprivation of the inmate's constitutional right be "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209. "Deliberate indifference" does not require a showing of express intent to harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970).

Plaintiff's alleges that Defendants Oba, Cabiling, Colleymore, Sutton and Brizendine "ignored [his] serious medical need" (Compl. at 4) and thereby violated his Eighth Amendment rights. In light of the extensive and well-documented treatment Plaintiff has received for his abdominal condition, the court finds that Plaintiff's condition is sufficiently serious for purposes of the objective component of the deliberate indifference test. With that in mind, the court addresses whether there is a genuine issue of material fact as to whether each Defendant knew of and disregarded an excessive risk to Plaintiff's health posed by his abdominal condition.

### A.   *Claim against Defendant Dr. Oba*

Other than Plaintiff's conclusory allegation that Defendant Dr. Oba "ignored [his] serious medical need," (Compl. at 4)  Plaintiff's complaint lacks any specific factual allegation showing

that Defendant Dr. Oba disregarded Plaintiff's condition.  Without specifically alleging it, Plaintiff seeks to hold Defendant Dr. Oba responsible for several lengthy delays in treatment during July 2006.  (*Id.* at 26.)  While an intentional delay in providing necessary medical care to a seriously ill inmate can constitute deliberate indifference and thus violate the Eighth Amendment, *see Davidson v. Cannon*, 474 U.S. 344, 357 (1986) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)), Plaintiff neither alleges that Defendant Dr. Oba caused the delay nor that it was intentional.

Plaintiff generally alleges that "very little [was] done to treat" his condition between July 2006 and January 2007.  (Compl. at 26.)  The sworn affidavit of Defendant Dr. Oba states that he first examined Plaintiff on July 26, 2006 and conducted his final examination of Plaintiff on October 5, 2006.  (Mot., Ex. A-8, ¶ 2; *see also* Exs. A-7, A-13.)  Construing Plaintiff's complaint liberally as this court must, the court views Plaintiff's general allegation as directed against Defendant Dr. Oba's treatment.

From July to October 2006, Defendant Dr. Oba states that he examined, cleaned, probed and covered Plaintiff's abdominal wounds with adhesive twice.  (*Id.*, ¶¶ 2, 5; *see also* Exs. A-7, A-13.)  During this time, the medical records are consistent with Defendant Dr. Oba's affidavit in which he states that he "prescribed [the medications] Zantac, Ultram, Nubain and Phenergan," as well as Prilosec, at Plaintiff's request.  (*Id.*, ¶¶ 2, 4; *see also* Exs. A-7, A-13.)  Defendant Dr. Oba further states he "requested that Plaintiff be referred for surgical consultation" on July 26, 2006.  (*Id.*, ¶ 2; *see also* Exs. A-7, A-11.)  While Plaintiff seeks to hold Defendant Dr. Oba responsible for the denial of the surgical consultation by Physician Health Services (Resp. at 6;

*see also id.*, Ex. A-11), Defendant Dr. Oba states he "possessed no authority to [either] speed up . . . [or] determine the outcome of the request [for surgical consultation of the wound]." (*Id.*, ¶ 3.)

In light of the medical records, Defendant Dr. Oba's affidavit, and the absence of specific factual allegations to support the plaintiff's case, the court finds that no genuine issue of material fact exists as to whether Defendant Dr. Oba disregarded Plaintiff's abdominal condition.  It is clear that he did not.  Therefore, this court recommends that summary judgment be granted in favor of Defendant Dr. Oba and against Plaintiff.

###   B.      *Claim against Defendant Brizendine*

Other than Plaintiff's conclusory allegation that Defendant Brizendine, a Health Services Administrator at CCCF, "ignored" his serious need for medical treatment, the only specific factual allegation regarding Defendant Brizendine is that she notified Plaintiff "that CDOC was removing the medication Nubain" from CCCF.  (Compl. at 27.)  However, personal participation is an essential allegation in a section 1983 civil rights action.  *Bennett v. Passic*, 545 F.2d 1260, 1262–63.  *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation).  Thus, merely stating that others have removed a certain medication from the facility does not constitute deliberate indifference under the Eighth Amendment.  Moreover, on a motion to dismiss, the court distinguishes well-pleaded facts from conclusory allegations.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).  Even accepting Plaintiff's factual allegation as true, *Bell Atlantic Corp. v. Twombly*,

11

550 U.S. at 556, without more, Plaintiff fails to state a plausible Eighth Amendment claim.

Even considering the claim from a summary judgment perspective, far from alleging that Defendant Brizendine knowingly disregarded Plaintiff's abdominal condition, Plaintiff's claim that Defendant Brizendine was deliberately indifferent is squarely contradicted in the medical records and the "Declaration of Judy Brizendine."  (Mot., Ex. A-9.)  Defendant Brizendine states that on November 30, 2006 she "met with Plaintiff to discuss his pain medications."  (*Id.*, ¶ 5; *see also* Ex. A-20.)  Defendant Brizendine states she then "met with Dr. Sutton to advise him of [her] meeting with the plaintiff" and subsequently set an appointment for Plaintiff to be examined by Dr. Sutton.  (*Id.*, ¶¶ 5–6; *see also* Ex. A-21.)  Moreover, Defendant Brizendine states that she **twice** appealed Physician Health Services' denial of Defendant Dr. Oba's request for a surgical consultation on Plaintiff's behalf, on November 8, 2006 and December 1, 2006. (Mot., Ex. A-9, ¶¶ 2, 7; *see also* Ex. A-21.)  While Plaintiff seeks to hold Defendant Brizendine responsible for the denial (Resp. at 6; *see also id.*, Ex. A-11), Defendant Brizendine states she "possessed no authority to [either] speed up . . . [or] determine the outcome of the request [for surgical consultation of the wound]" (Mot., Ex. A-9, ¶ 4).

The court finds that Defendant Brizendine's declarations and the medical records do not show that she possessed a sufficiently culpable state of mind.  In the absence of detailed factual allegations by the plaintiff, the court finds that no genuine issue of material fact exists as to whether Defendant Brizendine knowingly disregarded Plaintiff's serious medical needs.  She clearly did not.  Accordingly, this court recommends that summary judgment be granted in favor of Defendant Brizendine and against Plaintiff.

12

### C.     Claim against Defendant Collymore

Plaintiff's alleges that the "[m]edical personnel at CCCF," including Nurse Practitioner

Collymore (Mot., Ex. A-17, ¶ 1) "ignored" his medical needs pertaining to his abdominal

condition (Compl. at 4).   However, Plaintiff's conclusory allegation is directly contradicted by

the sworn "Affidavit of Nurse Collymore."  (Mot., Ex. A-17.)  Defendant Collymore states that

"[o]n January 10, 2007, [she] met with Dr. Cabiling to discuss Plaintiff's history and to

determine a treatment plan . . . [and] set an appointment for the Plaintiff with Dr. Cabiling and

[herself] for January 11, 2007."  (*Id.*, ¶ 5; *see also* Ex. A-24.)  Defendant Collymore further

states that she submitted "a referral for Plaintiff to receive an ultrasound for his abdomen."  (*Id.*,

¶ 2.)  While Plaintiff seeks to hold Defendant Collymore responsible for Physician Health

Services' denial of this referral (Resp. at 6; *see also id.*, Ex. A-11), Defendant Collymore

declares she "had no involvement in the request . . . nor the ability to override the decision of

Physician Health Partners" (Mot., Ex. A-17, ¶ 3).

Even viewing the factual record and reasonable inferences therefrom in the light most

favorable to the plaintiff, these allegations do not evidence a "sufficiently culpable state of

mind."  In light of the medical records, Defendant Collymore's declaration, and the paucity of

specific factual allegations from the plaintiff, the court finds that no genuine issue of material

fact exists as to whether Defendant Collymore was deliberately indifferent to Plaintiff's serious

medical needs.  She clearly was not.  Accordingly, this court recommends that summary

judgment be granted in favor of Defendant Collymore and against Plaintiff.

### D.     Claim against Defendant Dr. Cabiling

Plaintiff's Complaint is devoid of any allegation whatsoever that Defendant Dr. Cabiling

knew of and disregarded an excessive risk to Plaintiff's health.  The core of Plaintiff's claim

against Defendant Dr. Cabiling revolves around the defendant's alleged prognosis of Plaintiff's

abdominal condition.  Plaintiff alleges that Defendant Dr. Cabiling stated that "[his] medical

situation is essentially untreatable [sic]," and that "the problem with [his] stomach can't be

fixed." (Compl. at 29–30.)  Plaintiff further claims the defendant informed him that "facility

medical staff . . . will treat [his condition], but in a month it will be bleeding and doing the same

thing." (*Id.* at 30.)  Plaintiff also claims that Defendant Dr. Cabiling informed him that

"[medical staff] would treat the infected wounds, but that they would never heal." (*Id.* at 30)

(emphasis added.)

These allegations fail, entirely, to show that Defendant Dr. Cabiling consciously

disregarded Plaintiff's abdominal condition.  Instead, such allegations presuppose that the

defendant examined Plaintiff's condition and considered treatment options, concluding that

Plaintiff would be regularly treated for his condition but with a prognosis that Plaintiff may

never fully heal.  Indeed, in the "Declaration of Dr. Cabiling"[2] he states that he examined

Plaintiff at least six times and ordered x-rays, wound dressings and medication for Plaintiff

---

[2] The "Declaration of Dr. Cabiling," attached to Defendants' motion for summary judgment as Exhibit A-45 (Doc. No. 83), does not bear the defendant's signature.  However, Defendants submitted a signed copy as a supplement to their motion.  (Doc. No. 85.)

between January and September 2007.  (Mot., Ex. A-45; *see also* Ex. A-27–29, A-31, A-33, A-36, A-37.)

In light of the medical records and the absence of evidence or specific factual allegations to support the plaintiff's case, the court finds that no genuine issue of material fact exists as to whether Defendant Dr. Cabiling knowingly disregarded Plaintiff's abdominal condition.  He clearly did not.  Accordingly, this court recommends that summary judgment be granted in favor of Defendant Dr. Cabiling and against Plaintiff.

### E.    *Claim against Defendant Dr. Sutton* [3]

Plaintiff claims Defendant Dr. Sutton violated his Eighth Amendment rights when he and the four other defendants "ignored . . . [his] abcessed [sic] open wounds."  (Compl. at 4.)  More specifically, Plaintiff alleges Defendant Dr. Sutton was "neglectful" towards him.  (*Id.* at 29.)  However, the medical records submitted by the other defendants contradict Plaintiff's allegations.  Defendant Dr. Sutton's signature appears on several Ambulatory Health Records from July to November 2006 that document the defendant's treatment of the plaintiff.  On July 25, 2006, Defendant Dr. Sutton examined Plaintiff's abdomen and ordered "Zantac 300mg" for Plaintiff.  (Mot., Ex. A-6.)  On October 31, 2006, Defendant Dr. Sutton ordered the medications Nubain and Phenergan for Plaintiff, as well as to "cleanse [the abdominal] area and cover with

---

[3] Since Defendant Dr. Sutton's Motion to Dismiss was converted to a Motion for Summary Judgment (Doc. No. 122), the court will consider the medical records and affidavits contained in Defendants Oba, Cabiling, Colleymore and Brizendine's Motion for Summary Judgment in issuing its recommendation as to Plaintiff's claims against Defendant Dr. Sutton.

band-aids until healed." (*Id.*, Ex. A-15.)  On November 16, 2006, Defendant Dr. Sutton ordered

a followup examination for Plaintiff.  (*Id.*, Ex. A-19.)

Furthermore, Defendant Brizendine's sworn affidavit states that she "met with Dr. Sutton

to advise him of [her] meeting with the Plaintiff . . . [and that an] appointment was set for

December 4, 2006." (*Id.*, Ex. A-9, ¶ 6.)  The Ambulatory Health Record of December 4, 2006

documents Defendant Dr. Sutton's examination and his "plans/orders" to "cleanse [Plaintiff's]

wound and dress [it] with a bulky dressing <u>daily</u> until wounds are healed or area is revised."

(*Id.*, Ex. A-22; Sutton Reply, Ex. A-46, § 2.) (emphasis added.)  The records indicate, then, that

Defendant Dr. Sutton ordered that Plaintiff receive daily medical care.

Even viewing the factual record and reasonable inferences therefrom in the light most

favorable to Plaintiff, the court finds that there is no genuine issue of material fact as to whether

Defendant Dr. Sutton knowingly disregarded Plaintiff's medical condition.  Clearly, he did not.

Therefore, this court recommends that summary judgment be granted in favor of Defendant Dr.

Sutton and against Plaintiff.

### F.      *Violation of Inmate Bill of Rights*

In Claim Two, Plaintiff alleges that his rights under the "Inmate Bill of Rights/Core

Values" were violated.  However, section 1983 states, in pertinent part:

> Every person who . . . causes to be subjected, any citizen of the United States or
> other person . . . to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured . . .

16

42 U.S.C. § 1983. Plaintiff's claim for a violation of his right to "staff information" under the "Inmate Bill of Rights/Core Values" does not implicate any right, privilege or immunity secured by the Constitution. Therefore, this allegation fails to state a claim under section 1983.

Next, Plaintiff alleges that on November 22, 2006, Defendant Dr. Sutton terminated his prescription for Nubain. (*Id.*) Plaintiff fails to allege this caused the violation of any right. Even construing it as a claim for violation of Plaintiff's "Right to the Care that is Ordered" under the "Inmate Bill of Rights/Core Values," it fails to sufficiently allege the violation of the Eighth Amendment. *See* Analysis Part 1 *supra*. The reasons Plaintiff states Defendant Dr. Sutton provided for terminating said prescription—Nubain was highly addictive and unnecessary for Plaintiff's condition—indicates Plaintiff merely disagreed with Defendant Dr. Sutton's decision. However, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. at 105–06). Therefore, this court recommends that summary judgment be granted in favor of all Defendants and against Plaintiff on Claim Two.

### G.    *Negligence Claims*

Despite asserting an Eighth Amendment violation, the court notes Plaintiff's repeated and nonspecific allegations of "negligence" and "medical malpractice." (Compl. at 3, 4, 30.) Even if Plaintiff's claims of negligence and medical malpractice by the above-named defendants were true, "[a] negligent failure to provide adequate medical care, even one constituting medical

malpractice, does not give rise to a constitutional violation." *Perkins,* 165 F.3d at 811 (citing *Estelle*, 429 U.S. at 107).

Moreover, many of Plaintiff's allegations constitute disagreements with the various treatments he received. Insofar as this is the case, even if justifiable, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Id.* (citing *Estelle*, 429 U.S. at 107).

**2.      Due Process** [4]

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dept. of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted). A plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001) (overruled on other grounds). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th Cir. 2001). Second, he must show that the procedures used in addressing his liberty interest were inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149.

Plaintiff alleges that his case manager, Georganne Howe, informed him that she "misplaced . . . or lost [three grievances he had filed]." (Compl. at 32.) Georganne Howe is not

---

[4] The records Plaintiff utilizes to make out Claim Three implicate his Fourteenth Amendment Procedural Due Process rights while restating his Eighth Amendment claim in Claim One. Since these documents raise no issues that have not already been analyzed as to Plaintiff's Eight Amendment claim, *see* analysis *supra* Part 1, the court addresses Plaintiff's Claim Three solely as a Fourteenth Amendment Procedural Due Process claim.

a party to this lawsuit and Plaintiff has not alleged the involvement of Defendants Oba, Cabiling, Colleymore, Sutton and Brizendine with any "misplaced" grievance paperwork. Moreover, Plaintiff's complaint is devoid of any discussion whatsoever of either element of a properly stated procedural due process claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Having failed to do so, the court finds that Plaintiff has failed to state a Fourteenth Amendment procedural due process claim against Defendants Oba, Cabiling, Colleymore, Sutton and Brizendine.

For the same reasons, viewing the claim from a summary judgment perspective, the court finds that there is no genuine issue of material fact as to whether Defendants violated Plaintiff's Fourteenth Amendment procedural due process rights. Therefore, this court recommends that summary judgment be granted in favor of all Defendants and against Plaintiff on Claim Three.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants Oba, Cabiling, Colleymore and Brizendine's Motion for Summary Judgment" (Doc. No. 83) be GRANTED, and that this case be dismissed in its entirety, with prejudice. The court

FURTHER RECOMMENDS that "Defendant Jere G. Sutton, M.D.'s Motion to Dismiss Plaintiff's Amended Prisoner Complaint under Fed. R. Civ. P. 12(b)(6)" (Doc. No. 108), as converted, be GRANTED, and that this case be dismissed in its entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th  day of June, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge